MEMORANDUM OPINION
PER CURIAM:
On mixed pleas, the appellant, a drill sergeant, was convicted by a military judge sitting as a general court-martial of three offenses arising out of an incident involving mistreatment of a trainee.* The military judge first accepted the appellant’s plea of guilty to violating the provisions of a lawful general regulation proscribing sexual relationships with trainees contrary to Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892 (1988) [hereinafter UCMJ]. At a second session of trial three days later, the military judge found the appellant guilty of maltreating a subordinate and committing indecent acts with the subordinate in violation of Articles 93, 10 U.S.C. § 893, and 134, 10 U.S.C. § 934, UCMJ, respectively. He sentenced the appellant to a dishonorable discharge, confinement for thirty-eight months, forfeiture of five hundred dollars pay per month for thirty-eight months and reduction to Private El. The convening authority approved the sentence.
The appellant contends that the military judge erred as a matter of law in not ruling all offenses multiplicious for findings, arguing that they arose out of the same act or course of conduct and citing United States v. Baker, 14 M.J. 361 (C.M.A.1983). However, we are constrained to reject the appellant’s argument as Baker was recently overruled by United States v. Teters, 37 M.J. 370 (C.M.A.1993). Now, the test for deciding whether an offense charged in one specification is necessarily included within another is determined by: 1) expressed legislative intent reflected “in the pertinent statute(s) violated or in their legislative histories”; 2) “presumed or inferred [legislative intent] based on the elements of the violated states and their relationship to each other”; or 3) “other recognized guidelines for discerning congressional intent____” Teters, 37 M.J. at 376-77. Having applied this test, we conclude that there is no basis for holding that Congress intended that any of the three offenses involved in this ease should be included in any of the others.
The appellant also argues that he is entitled to relief because the military judge ruled that the offenses were multiplicious for findings but then improperly failed to adhere to his ruling when he announced the findings. The appellant is correct in setting forth what the military judge ruled during the trial. During the first session, the military judge considered a defense motion to- dismiss two of the charges as multiplicious for findings. The record relates the following colloquy:
DC: Yes, sir. Have you in fact made a ruling regarding the multiplicity for findings?
MJ: Do you object if I do rule, government, that if the accused is found guilty of all three or any, more than one offense, that they are multiplicious for purposes of findings?
TC: No, Your Honor.
MJ: Done. I so find and so rule.
DC: Your ruling then is, sir, that the remaining specification would be—
MJ: Here’s the deal. It seems to me that the government has pled, depending upon the exigencies of proof, they’ve put a gorilla at all the doors. They seen three doors and they’ve put a gorilla at each one of them — a violation of the regulation because of the status of the parties, also 93, depending on the status of the parties, as well as 134, that somehow maybe someone would not consider that indecent. So I’m not going to foreclose them on pursuing one or all of the theories, but once all the evidence is in, okay, if I find him guilty of more than one specification, I don’t intend, I don’t see how I could find him guilty of— I mean, the greatest specification would be the one which the accused would be sen *841 tence upon and then the other specifications, they would be multiplicious for purposes of findings.
DC: Understood, sir.
MJ: Have I correctly stated your position, government?
TC: Yes, Your Honor.
Subsequently, the military judge inquired into the appellant’s guilty plea as to the regulatory violation. Thereafter, he ordered a three-day continuance before hearing the other two contested charges. After hearing the government’s evidence (the defense presented no evidence), he found the appellant guilty by exceptions and substitutions of the maltreatment and indecent act charges. At the time he announced the findings, the military judge did not dismiss two of the charges for multiplicity as he had indicated he would do during the earlier session. However, he did state, “I remind the parties that the Specifications, because the government does not — agrees with the defense, are not multiplieious — excuse me — are multiplicious for purposes of findings and accordingly, of course, are multiplicious for purposes of sentencing.” Thereafter, the military judge did not dismiss the multiplicious charges. The appellant did not object to the military judge’s omission either before adjournment of the trial or during the post-trial proceedings.
When an error has been made in announcing the findings, and the error is discovered prior to adjournment of the court-martial, it may be corrected with a new announcement. Rule for Courts-Martial 922(d) [hereinafter R.C.MJ. If the error is discovered after adjournment, it may be corrected by revision proceedings. R.C.M. 1102; see United States v. Roman, 22 U.S.C.M.A. 78, 46 C.M.R. 78 (1972). Notwithstanding the failure of the defense to object to the military judge’s omission, we may exercise our statutory authority to cause the findings to conform to those intended to be announced by the military judge. In this case, that means affirming the findings of the most serious of the three offenses, that is, the indecent act. Since the military judge found the offenses multiplicious for sentencing, sentencing relief is not warranted.
We have considered the remaining error assigned by the appellant and find it to be without merit.
The findings of guilty of Charge I and its Specification (maltreatment of a subordinate) and the Additional Charge and its Specification (violation of a regulation) are set aside and those charges are dismissed. The remaining findings of guilty and the sentence are affirmed. •

 The incident upon which all the offenses were based involved the appellant's masturbation of an eighteen-year-old male trainee assigned to his training unit as the latter lay on his bunk in the barracks. The evidence established that the appellant used his rank to intimidate the trainee (Article 93), that the act was indecent (Article 134), and that it violated a lawful general regulation (Article 92).